# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE PORTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:22-CV-1247 SEP |
| | ) | |
| HOMEHELPERS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is Plaintiff's response to this Court's Order to Show Cause. Docs. [3], [4]. For the reasons set forth below, the action is dismissed as untimely.

### BACKGROUND

Plaintiff, a Certified Nurse's Assistant, initiated this action on November 22, 2022, by filing an employment discrimination complaint against Defendants, Homehelpers and Julie Bracewell,[1] pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq*. Doc. [1]. Plaintiff indicates she is bringing this lawsuit alleging race discrimination in violation of Title VII.

In her statement of claim, Plaintiff asserts that she was subjected to a hostile work environment at Homehelpers, and she was discriminated against on the basis of race when they terminated her employment. She alleges that she was wrongfully terminated for "job abandonment" after Defendants purposely scheduled her on days she was already scheduled to be off work. Plaintiff does not state the date of her termination from Homehelpers in the body of her complaint. However, in the charge of discrimination attached thereto, signed on August 1, 2022, Plaintiff claims that the "latest dates of discrimination" by Homehelpers occurred on

---

[1] Title VII provides a remedy only against an "employer." The term "employer" under Title VII means a "person engaged in an industry affecting commerce who has fifteen or more employees[.]" The Eighth Circuit has squarely held that individuals, including supervisors, may not be held individually liable under Title VII. *Bonomolo-Hagen v. Clay Central-Everly Community School District,* 121 F.3d 446, 447 (8th Cir. 1997) (per curiam) (citing *Spencer v. Ripley County State Bank*, 123 F.3d 690, 691-92 (8th Cir. 1997) (per curiam)); *see Bales v. Wal-Mart Stores Inc.,* 143 F.3d 1103, 1111 (8th Cir. 1998). Therefore, Plaintiff's claims against Julie Bracewell as an individual employer, supervisor, or hiring manager fail to state a claim upon which relief can be granted.

October 1, 2021.  Also, in her response to the Order to Show Cause, Plaintiff indicates she was indeed terminated on October 1, 2021.  Plaintiff attached to her complaint a notice of right to sue from the Equal Employment Opportunity Commission (EEOC), dated August 16, 2022.

After reviewing Plaintiff's complaint pursuant to 28 U.S.C. § 1915, the Court issued an order on December 20, 2022, requiring Plaintiff to show cause as to why this action should not be dismissed as untimely filed.  Doc. [3].  The Court found that Plaintiff had likely filed her charge of discrimination with the Equal Employment Opportunity Commission past the 300-day deadline, and that she had failed to file her complaint within the 90 days allowed after issuance of her right to sue letter.  Thus, Plaintiff was required to show cause, within 30 days of the date of the Court's order, why this action should not be subject to dismissal for failure to timely exhaust her administrative deadlines.  *See* 42 U.S.C. §§ 2000e-5(e)(1) and (f)(1).

On January 17, 2023, Plaintiff filed a response to the Order to Show Cause.  Doc. [4].  In it Plaintiff asserts that she attempted to file her charge of discrimination in a timely manner with the EEOC, but she "was having difficulty with the system and it was over a month before someone reached out to me."  In support of her assertion, Plaintiff has attached to her response brief a copy of an email she sent to the EEOC, dated June 10, 2021, wherein she states that she would like to file a discrimination complaint against her former employer, and asked for advice regarding next steps.

A response email from the EEOC was sent to Plaintiff on that same date (June 10, 2021):

> Thank you for contacting the United States Equal Employment Opportunity Commission. This automated response confirms receipt of your inquiry and is not intended-to address your specific questions.  For those of you wishing to file a charge of employment discrimination, please note that there is a time limit of either 180 or 300 days to file a charge, depending on a number of factors.  If you want to begin the process, you can use our online assessment tool at US EEOC.  You cannot file a charge via email.  We will respond to your specific questions as quickly as possible.

Plaintiff has not included copies of any other emails from her to the EEOC, but the EEOC sent Plaintiff a second email on or about June 21, 2021:

> The Equal Employment Opportunity Commission (EEOC) enforces various laws which prohibit employment discrimination based on race, color, religion, sex (including pregnancy), national origin, age (40 or older), disability, or genetic information. These laws also prohibit an employer from retaliating against an employee or former employee for opposing something they believe violates the

2

laws we enforce or for participating in an employment discrimination proceeding, such as an investigation.

If you want to file a charge you can begin the process by using our online inquiry and appointment system at https://publicportal.eeoc.gov/Portal/Login.aspx. It enables you to submit online inquiries and schedule an intake interview with EEOC. You can find more information about the laws we enforce and our charge-filing procedures when visiting our website. Also, please note that there are time limits to file the charge. In many States that limit is 180 days from the date you knew about the harm or negative job action, but in other States it is 300 days.

Alternatively, you may call us at 1-800-669-4000 (VideoPhone: 1- 844-234-5122) to discuss your situation.

Sincerely,
U.S. Equal Employment Opportunity Commission

Plaintiff affirms that she digitally filed her charge of discrimination with the EEOC on August 1, 2022.[2] She asserts that she was told by an EEOC worker that "if it's late, I will still file it anyway due to shortage of staff since the Covid 19 epidemic."

Plaintiff asserts that she was provided with her EEOC right to sue letter on or about August 16, 2022. She claims that she attempted to find an attorney to assist her in filing an action in federal court, but when she was unable to do so, she again contacted the EEOC for assistance in "what forms to use." Plaintiff claims that she was told that "as long as [her] papers [were] postmarked at the Post Office by the due date, then it would be timely filed."

Plaintiff claims that her complaint was postmarked on November 15, 2022. She has provided her certified mail receipt indicating the postmark date.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[2] In her response, Plaintiff refers to the document she digitally signed on August 1, 2022, as her "Right to Sue," but the Court believes she is referring to her charge of discrimination.

3

alleged." *Id*. at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir.2004)). But even pro se complaints are required to "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); s*ee also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). And "procedural rules in ordinary civil litigation" need not be "interpreted so as to excuse mistakes by those who proceed without counsel." *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Discussion

The Court has carefully reviewed Plaintiff's employment discrimination complaint and finds it subject to dismissal as untimely.

**I.      Plaintiff's charge of discrimination was untimely.**

Title VII plaintiffs are required to exhaust their administrative remedies with the EEOC, or the comparable state agency, before bringing a formal action. *Tyler v. Univ. of Ark. Bd. of Trs.,* 628 F.3d 980, 989 (8th Cir.2011); *Malone v. Ameren UE*, No. 4:09-CV-53, 2010 WL 750075 (E.D. Mo. Mar. 2, 2010) (dismissing plaintiff for failure to exhaust his administrative remedies with respect to his claims of gender and disability discrimination). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." *Williams v. Little Rock*

4

*Mun. Water Works*, 21 F.3d 218, 222 (8th Cir.1994) (citing *Patterson v. McLean Credit Union,* 491 U.S. 164, 180-81 (1989). To exhaust administrative remedies an individual must: (1) timely file a charge of discrimination with the EEOC setting forth the facts and nature of the charge and (2) receive notice of the right to sue. 42 U.S.C. § 2000e-5(b), (c), (e).

The complaint and the accompanying charge of discrimination alleges that the discrimination first occurred in February of 2021, while the latest time of discrimination occurred on October 1, 2021. Plaintiff filed her charge of discrimination with the EEOC on August 1, 2022—outside the 300-day time period for filing a charge of discrimination.[3] Therefore, Plaintiff's Title VII claims appear to be time-barred by 42 U.S.C. § 2000e-5(e)(1) and subject to dismissal for failure to timely exhaust her administrative remedies.

In its final form, a charge must contain specific information, including: the name and address of the person making the charge; the name and address of the respondent; a clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices; the approximate number of employees of the respondent; and a statement disclosing whether related proceedings have been commenced before a state or local agency charged with the enforcement of fair employment practice laws and, if so, the date of commencement and the name of the agency. 29 C.F.R. § 1601.12(a).

The June 10, 2021, email from the EEOC warns Plaintiff that she "cannot file a charge via email," and that "there is a time limit of either 180 or 300 days to file a charge, depending on a number of factors." In the June 21, 2021, email from the EEOC, Plaintiff was reminded that, "If you want to file a charge you can begin the process by using our online inquiry and appointment system at https://publicportal.eeoc.gov/Portal/Login.aspx." She was told that "there are time limits to file the charge. In many States that limit is 180 days from the date you knew about the harm or negative job action, but in other States it is 300 days."

Plaintiff did not provide enough information in her emails to the EEOC in June 2021 to actually file a charge of discrimination in compliance with 29 C.F.R. § 1601.12(a). And Plaintiff admits in her response to the Order to Show Cause that she signed her charge of discrimination digitally on August 1, 2022. Still, she argues that her charge should be considered timely

---

[3] Three hundred four (304) days passed between October 1, 2021, and the date of filing the charge of discrimination on August 1, 2022.

5

because an unidentified EEOC worker told her: "if it's late, I will still file it anyway due to shortage of staff since the Covid 19 epidemic."

The doctrine of equitable tolling permits a plaintiff to sue after the statutory time period has expired if she has been prevented from timely filing by inequitable circumstances. *Firstcom v. Qwest Corp.,* 555 F.3d 669, 675 (8th Cir. 2009). Because statutes of limitations protect important interests of certainty, accuracy, and repose, equitable tolling applies only in exceptional circumstances. *Id.* Plaintiff, as the party seeking the benefit of an exception to the statute of limitations, has the burden to show she is entitled to equitable tolling by establishing that (1) she pursued her rights diligently, and (2) some extraordinary circumstance stood in her way. *See id.* As a rule, equitable tolling is appropriate only for circumstances that are truly beyond the plaintiff's control. *Shempert v. Harwick Chem. Corp.,* 151 F.3d 793, 797-98 (8th Cir. 1998).

While the circumstances created by the COVID-19 pandemic could conceivably give rise to one of those "rare instances" that may warrant equitable tolling, Plaintiff does not explain how her failure in this case to file her EEOC charge within 300 days was somehow caused by the pandemic. *See Clemente v. Allstate Ins. Co.,* No. 2:22-CV-00056-CCW, 2022 WL 17976324, *13 (W.D. Penn. December 28, 2022) (plaintiffs cannot merely allege that COVID-19 was ongoing at the relevant time, without describing what impact it had on plaintiffs and their effort to assert their rights)

Plaintiff does not argue that the EEOC prevented her from filing her charge on time, and the record reveals that the EEOC received and processed her August 1, 2022, charge of discrimination and issued a decision only fifteen (15) days later, on August 16, 2022. Accordingly, Plaintiff has not established extraordinary circumstances warranting equitable tolling. As a result, she has failed to satisfy the administrative exhaustion requirement and her complaint is subject to dismissal.

**II.     Plaintiff's complaint was untimely.**

A plaintiff bringing an employment discrimination action under Title VII must bring the action within 90 days from receipt of the notice of right to sue letter. 42 U.S.C. § 2000e-5(f). The 90-day period represents a limitations period that bars a suit not filed within that time. *Hales v. Casey's Mktg. Co.*, 886 F.3d 730, 736 (8th Cir. 2018). Failure to file suit within 90 days after receipt of a notice from the EEOC renders a plaintiff's action untimely.

6

*See Brooks v. Ferguson-Florissant Sch. Dist.*, 113 F.3d 903, 905 (8th Cir. 1997) (EEOC letter "plainly" said the plaintiff would lose his right to a cause of action if one was not filed within 90 days). "Generally, the ninety-day filing period begins to run on the day the right to sue letter is received at the most recent address that a plaintiff has provided the EEOC." *Hill v. John Chezik Imps.*, 869 F.2d 1122, 1124 (8th Cir. 1989). The presumption is that the plaintiff will receive notice three days after the mailing date. *Hales*, 886 F.3d at 736.

The notice of right to sue letter submitted with the complaint is dated August 16, 2022. The notice explicitly states: "Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**. Presuming Plaintiff received the notice three days later, on August 19, 2022, she had 90 days thereafter, that is, until Thursday, November 17, 2022, to bring a federal action based on her charge of discrimination. Plaintiff filed this action on November 22, 2022, five days late.

Plaintiff states that she was told by an unidentified person, presumably at the EEOC, that she need only place her complaint in the mail to have it be timely filed. Doc. [4] at 2. But 42 U.S.C. § 2000e-5(f)(1) indicates that a civil action must be brought against the respondent named in the charge within 90 days of receipt of the charge of discrimination.

Federal Rule of Civil Procedure 3 defines the "first step" in an action as the filing of a complaint. Plaintiff submitted her complaint on November 22, 2022. This Court considers a document filed on the date it receives the document and stamps it "RECEIVED." *See, e.g.*, *Escobedo v. Applebees*, 787 F.3d 1226, 1228 (9th Cir. 2015) ("[T]he filing date of a complaint is the date it is delivered to the clerk, whether it is submitted with or without an IFP application."). Because Plaintiff's complaint was not filed within the 90 days required by 42 U.S.C. § 2000e-5(f), it is subject to dismissal. *See Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984) (failure to timely file warrants dismissal of the complaint).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** as untimely.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Dismissal will accompany this Memorandum and Order.

Dated this 17th day of February, 2023.

_____
SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE